IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:06-CR-9-1H
NO. 5:14-CV-386

TREMAYNE NEVARIS CARMICHAEL,       )
                                    )
         Petitioner,                )
                                    )
                                    )
    v.                              )        **ORDER**
                                    )        **VACATING JUDGMENT**
                                    )
UNITED STATES OF AMERICA,           )
                                    )
         Respondent.                )

This matter is before the court on petitioner's motion to
vacate pursuant to 28 U.S.C. § 2255 moving the court to vacate
his conviction and sentence in light of the Fourth Circuit's
decision in United States v. Simmons, 649 F.3d 237 (4th Cir.
2011). Petitioner also moves for appointment of counsel. The
government filed a response, deliberately waiving the statute of
limitations defense, and agreeing with petitioner that his
conviction should be vacated. Upon review of the matter, the
court hereby appoints the Federal Public Defender to represent
petitioner at government expense.

On January 11, 2006, petitioner was charged in a single count indictment with being a felon in possession of a firearm in violation of Title 18 U.S.C. § 922(g)(1). On June 1, 2006, petitioner pled guilty without a plea agreement. On December 5, 2006, this court sentenced petitioner to a term of imprisonment of 72 months as well as a term of supervised release of three years.

In his motion, petitioner contends he is actually innocent of the felon in possession conviction pursuant to Simmons. Petitioner asks the court to vacate his conviction. The government deliberately waives reliance on the statute of limitations defense in this matter and agrees that the petitioner's conviction should be vacated.

The court, having reviewed the record, agrees with the parties' assessment that petitioner's motion is meritorious. Under Simmons's definition of a felony offense, petitioner's prior North Carolina conviction is not a felony for the purposes of § 922(g)(1). Petitioner is factually innocent of the federal crime of being a felon in possession of a firearm in violation of § 922(g)(1). Therefore, petitioner's motion to vacate [DE #49] is granted, and this court's judgment entered on December 5, 2006, is hereby vacated.

2

## CONCLUSION

For the foregoing reasons, petitioner's motion to appoint counsel is GRANTED and petitioner's motion to vacate is GRANTED. The court's judgment entered on December 5, 2006, is hereby VACATED.

This 22ᴺᴰ day of July 2014.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26